IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ROBERT FRANK SMITH,           )
                              )
            Plaintiff,        )
                              )
      v.                      )            CV 318-035
                              )
DAVID CHANEY, Medical Doctor, )
                              )
            Defendant.        )
                        _____

**O R D E R**
_____

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff has filed a declaration, which he purports "through incorporation, shall constitute and be a counter-part and of the same equivalence as plaintiffs [sic] original complaint." (Doc. no. 10, pp. 1-2.) However, such incorporation by reference of previously submitted claims or papers is forbidden. See O'Connor v. Carnahan, No. 3:09CV224/WS/EST, 2009 WL 3712316, at \*1 (N.D. Fla. Nov. 3, 2009). Moreover, Plaintiff's declaration violates the prohibition against piecemeal amendment by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at \*1 (S.D. Ga. June 3, 2009).

The Court recognizes Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to file an amended complaint including all of the allegations and defendants in one document, within fourteen days of the

date of this Order.[1]  Plaintiff must use the standard form provided along with this Order, with

no more than six handwritten or typed pages attached.  See Goodison v. Washington Mut.

Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming dismissal of case where plaintiff

failed to heed pleading instructions from court to re-draft complaint to make more concise);

see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10,

2002) (directing amended complaint shall not exceed six handwritten pages).  If Plaintiff

wishes to amend his complaint, he **MUST** file an amended complaint in accordance with the

following instructions.

The amended complaint must be printed legibly so that the Court may discern

Plaintiff's claims, and, as the Court previously informed Plaintiff, it will supersede and

replace in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami,

811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th

Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative

pleading in the case").  It must contain a caption that clearly identifies, by name, each

individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's

amended complaint must contain sequentially numbered paragraphs containing only one act

of misconduct per paragraph.  The numbered paragraphs in his amended complaint should

include information such as:  (i) the alleged act of misconduct; (ii) the date on which such

misconduct occurred; (iii) the names of each and every individual who participated in such

misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint.

If no response is timely received from Plaintiff, the Court will presume he no longer wishes to amend his complaint and the case will move forward on the basis of the current complaint (doc. no. 1).

SO ORDERED this 12th day of June, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA