FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 AUG 16 AM 9:48
CLERK
SO DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT FRANK SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 318-035 |
| DAVID CHANEY, Medical Doctor, | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 24.) Although nothing in Plaintiff's objections undermines the Magistrate Judge's recommendation, the Court will briefly address Plaintiff's argument the Magistrate Judge erred by entering the R&R without considering his traverse and amended complaint subsequently received by the Court.

The Magistrate Judge originally granted Plaintiff permission to proceed *in forma pauperis* ("IFP") under the imminent danger exception to § 1915(g). (Doc. no. 4, p. 2, n.1.) A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

However, at that time, the Magistrate Judge warned, "[S]hould it later be determined that Plaintiff was not in 'imminent danger of serious physical injury' at the time he filed this lawsuit, the Court may revisit the issue on its own initiative." (Doc. no. 4, p. 2, n.1 (citing Butler v. Donald, CV 105-1874-CAM, doc. no. 14 (N.D. Ga. July 14, 2006)).) In the R&R, the Magistrate Judge determined, based on documentation provided by Defendant, Plaintiff is not in imminent danger of serious physical injury and recommended Plaintiff's IFP status be revoked and this case be dismissed without prejudice. (Doc. no. 20, pp. 6-11.) Where a prisoner is not allowed to proceed IFP pursuant to the three strikes provision of § 1915(g), the prisoner may not simply pay the filing fee after being denied IFP status, and the prisoner's complaint is properly dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). The Magistrate Judge entered his R&R on July 16, 2018. (Doc. no. 20.) The Court received Plaintiff's traverse regarding his motion for a preliminary injunction on July 17, 2018, and his amended complaint on July 27, 2018. (Doc. nos. 22, 23.) Nothing in Plaintiff's traverse and amended complaint undermines the conclusion Plaintiff does not satisfy the imminent danger exception, as the evidence shows his medical conditions are being adequately treated. In fact, in his amended complaint, Plaintiff undermines his initial allegations that Defendant refuses to treat him "with (HCV) medication or anything else," (doc. no. 1, p. 5), by admitting he receives several medications for his HCV symptoms. (Doc. no. 23, p. 5.)

2

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's Motion for a Preliminary Injunction and a Temporary Restraining Order, (doc. no. 8), **DENIES** Plaintiff's Motion to Hold in Contempt of Court, (doc. no. 19), **GRANTS** Defendant's Motion to Revoke Plaintiff's IFP Status, (doc. no. 18), **REVOKES** Plaintiff's IFP status, and **DISMISSES** this action without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint and payment in full of the filing fee. See Dupree, 284 F.3d at 1236.

SO ORDERED this 16th day of August, 2018, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3